IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT KENAI

RONALD OERTWICH

Plaintiff(s),

vs.

CITY OF TOGIAK and TEODORO PAUK, in his individual & official capacities

Defendant(s).

CASE NO. 3KN-19-01033CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

**To Defendant:** Teodoro Pauk

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 125 Trading Bay Drive, Suite 100, Kenai, Alaska 99611-7717 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented), Andy Pevehouse whose address is: 130 South Willow Street, Suite 3, Kenai, AK 99611.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf, to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

**NOTICE OF JUDICIAL ASSIGNMENT**

To: Plaintiff and Defendant

This case has been assigned to:

- [ ] Superior Court Judge Jennifer K. Wells
- [ ] Superior Court Judge Jason Gist
- [✓] Superior Court Judge Lance Joanis
- [ ] District Court Judge Sharon S. Illsley
- [ ] _____

12/26/2019
Date

CLERK OF COURT
By: _____
Deputy Clerk

*The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 KENAI (12/18)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| RONALD OERTWICH, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3KN-19-01033 CI |
| CITY OF TOGIAK and TEODORO PAUK, in his individual and official capacities; | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Ronald Oertwich, through Gilman & Pevehouse, alleges:

1. Ronald Oertwich ("Oertwich") is a 75-year-old former resident of Togiak, Alaska, where he lived for more than 30 years. He made his living operating the Airport Inn, providing lodging services. Oertwich now resides in Oregon after he was banished from Togiak in 2017. Oertwich is not Indian, Native American or an Alaska Native.

2. The Traditional Village of Togiak ("TVT") is one of the 229 federally-recognized tribes in Alaska. The TVT has approximately 800 members, who are predominantly indigenous Yupik people. It is governed by a Traditional Council elected by tribal members. The tribe operates a police force and a tribal court system.

3. The City of Togiak is a political and geographic subdivision in the state of Alaska. It is a second-class city, incorporated in 1969. It is located at the head of Togiak Bay, 67 miles west of Dillingham, Alaska. It is approximately 225 square miles in size and has a population of approximately 800 people. The city provides services including a city police force and a city jail.

*Oertwich v. City of Togiak et al.*, 3KN-19-01033 CI
Complaint, Page 1 of 7
Case 3:20-cv-00018-SLG   Document 1   Filed 01/28/20   Exhibit A Page 2 of 8

4. Teodoro Pauk is a tribal member of the TVT and Traditional Council Vice President. He was also Mayor of the City of Togiak during the events at issue in this case.

5. The TVT is an Alaska Native Tribe but is not a geographic subdivision of Alaska.

6. Some Indian Country townsite or allotment land may exist in or around the City of Togiak, but none of the events relevant to this case occurred within Indian Country, as defined in 18 U.S.C. § 1151.

7. On or about January 24, 2017 Togiak VPSO Roger Wassillie allegedly told TVT Tribal Police officer Leroy Nanalook of a suspicious tote addressed to Oertwich, which had arrived in Togiak via Everts Air Cargo.

8. Ofc. Nanalook entered the Everts Air Cargo hangar and opened the tote, which allegedly contained bottles of alcohol. Ofc. Nanlook seized the tote and contents.

9. On or about March 27, 2017 the Togiak Tribal Court issued a "Togiak Community Order to Banish" stating [sic] "The Community Members of the Native Village of Togiak determined Ronald Oertwich guilty of possession of prohibited controlled substances, and **Hereby Orders** permanent banishment from the Native Village of Togiak Tribe according to Togiak Tribal Code Chapter 6-2-G…"

10. The Togiak Tribal Court "Order to Banish" was dated March 27, 2017, signed by five Tribal Court judges: Defendants Anecia Kritz, Esther Thompson, John Nick, Willie Wassillie, and Herbert Lockuk Jr. Each judge's signature was dated March 29, 2017.

11. On or about March 27, 2017 Ofc. Nanalook and Willie Echuck Jr. confronted Oertwich and told him he was getting on the next airplane out of town. The two men escorted

*Oertwich v. City of Togiak et al..*, 3KN-19-01033 CI
Complaint, Page 2 of 7
Case 3:20-cv-00018-SLG Document 1 Filed 01/28/20 Exhibit A Page 3 of 8

Oertwich to his home, where he had only a few minutes to gather some personal property. Ofc. Nanalook and Willie Echuck Jr. then escorted Oertwich to the Togiak airport and put him onto a plane to Dillingham.

12. Oertwich returned to Togiak the following day, on or about March 28, 2017. He encountered Ofc. Nanalook and VPSO Wassillie as he tried to return to his home. Ofc. Nanclook and VPSO Wassillie arrested Oertwich and placed him in the back of a Togiak Tribal Police vehicle. Ofc. Nanalook then drove Oertwich to the City of Togiak jail and placed him in a locked jail cell.

13. While Oertwich was in custody at the City of Togiak jail, VPSO Wassillie seized the personal property Oertwich had returned to Togiak with. None of that property has been returned.

14. Oertwich was held by force in the City of Togiak jail cell until on or about April 3, 2017. During this period, Willie Echuck Jr., Craig Logusak and other TVT members acted as his jailors, restricting his access to food, his insulin, basic hygiene and communication.

15. While Oertwich was imprisoned for six days, Ofc. Nanalook entered his home without permission and seized items of personal property.

16. On or about April 3, 2017, Ofc. Nanalook, Jimmy Coopchiak, Bobby Coopchiak, Herbert Lockuk Jr. and Paul Markoff tackled Oertwich, pinned him down on the floor of the jail cell, cuffed his hands behind his back, and bound his legs with duct tape.

17. Ofc. Nanalook, Jimmy Coopchiak, Bobby Coopchiak, Herbert Lockuk Jr. and Paul Markoff carried Oertwich out of the City of Togiak jail, placed him a Tribal Police vehicle and drove him to the Togiak airport.

18. Upon arrival at the Togiak airport, Ofc. Nanalook, Peter Lockuk Sr. and Paul Markoff carried Oertwich from the police car and put him onto a Grant Aviation airplane to Dillingham.

19. Oertwich believes he would be in danger if he attempted to reside in Togiak again. He has resided in Oregon since April 2017.

**FACTS REGARDING DEFENDANTS CITY OF TOGIAK AND TEODORO PAUK**

20. After Oertwich was imprisoned by the TVT at the City of Togiak jail, city Mayor Teodoro Pauk and other city officials were aware that the TVT was using the city jail to imprison a non-Indian, non-Alaska Native, non-TVT member for an alleged violation of TVT tribal law.

21. Despite knowing its jail was being used to imprison Oertwich, the City of Togiak and Teodoro Pauk permitted the TVT to continue using its jail to incarcerate him.

22. As a direct result of the actions of the City of Togiak and Teodoro Pauk, Oertwich incurred pain and suffering and mental anguish.

**I. CAUSES OF ACTION**

**COUNT I:**
**FALSE IMPRISONMENT BY CITY OF TOGIAK AND PAUK**

23. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

24. The City of Togiak and Pauk knew or should have known they had no lawful basis to permit the TVT to imprison Oertwich in the City of Togiak jail.

25. As a result of his false imprisonment Oertwich suffered damages.

## COUNT II:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## BY CITY OF TOGIAK AND PAUK

26. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

27. The City of Togiak and Pauk negligently caused emotional injury to Oertwich when it permitted the TVT unlawfully imprison him in its jail for six days.

28. As a result of this negligent infliction of emotional distress Oertwich suffered damages.

## COUNT III:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY CITY OF TOGIAK AND PAUK

29. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

30. Defendants acted intentionally or recklessly in imprisoning Oertwich, or permitting him to remain imprisoned at the City of Togiak jail.

31. This outrageous conduct was done with reckless disregard of the probability of causing emotional distress to Oertwich.

32. As a result, Oertwich suffered emotional distress and damages.

*Oertwich v. City of Togiak et al.*, 3KN-19-01033 CI
Complaint, Page 5 of 7
Case 3:20-cv-00018-SLG   Document 1   Filed 01/28/20   Exhibit A Page 6 of 8

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600   FAX (907) 283-2009

## COUNT IV:
## BATTERY BY CITY OF TOGIAK

33. Oertwich realleges and incorporates by reference each of the foregoing paragraph

34. The City of Togiak caused injury to Oertwich when its jailers tackled him in the jail cell, bound him, and forcibly put him onto an airplane.

35. As a result of this battery Oertwich suffered damages.

## COUNT V:
## VIOLATION OF 42 U.S.C. § 1983 BY CITY OF TOGIAK AND PAUK

36. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

37. The City of Togiak, acting under its policy or custom, unlawfully imprisoned Oertwich.

38. In doing so, the City of Togiak violated the Fourteenth Amendment's protection against deprivations of liberty without due process of law.

39. As a result of this deprivation of his constitutional right, Oertwish suffered damages.

## II. REQUEST FOR RELIEF

Plaintiff incorporates the preceding paragraphs by reference herein.

WHEREFORE, Plaintiff Ronald Oertwich seeks the following relief:

   I. Actual and compensatory damages sufficient to make him whole;

   II. Punitive damages against Defendants sufficient to punish them and to deter

*Oertwich v. City of Togiak et al.*, 3KN-19-01033 CI
Complaint, Page 6 of 7
Case 3:20-cv-00018-SLG   Document 1   Filed 01/28/20   Exhibit A Page 7 of 8

further wrongdoing;

    III.    Injunctive relief against City of Togiak.

    III.    Attorneys' fees, litigation expenses, costs, pre- and post-judgment interest as provided by law; and

    IV.    Such other and further relief as the Court deems just and proper.

DATED THIS 23rd DAY of DECEMBER, 2019

By: *Noah Meny #1602007 for:*

Andy Pevehouse, ABA 0711099
Gilman & Pevehouse
130 South Willow Street, #3
Kenai, Alaska 99611
(907) 283-2600