Matthew Singer
Christopher J. Slottee
HOLLAND & KNIGHT LLP
420 L Street, Suite 400
Anchorage, Alaska 99501
Telephone: (907) 263-6300
Facsimile: (907) 263-6345
matt.singer@hklaw.com
christopher.slottee@hklaw.com

*Attorneys for Defendants*
*City of Togiak and Teodoro Pauk*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD OERTWICH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF TOGIAK and TEODORO )<br>PAUK, in his individual and official )<br>capacities, )<br>)<br>Defendants. )<br>) | Case No. 3:20-cv-00018-SLG |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## I. INTRODUCTION

This is the second time these claims have come before this Court. Plaintiff Ronald Oertwich ("Plaintiff" or "Oertwich") originally sued Defendants City of Togiak ("City") and Teodoro Pauk ("Pauk," and collectively, "Defendants"), as well as other defendants, in this Court in *Oertwich v. Traditional Village of Togiak et al.*, Case No. 3:19-cv-00082-

**HOLLAND &
KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

JWS (*Oertwich I*). In *Oertwich I,* this Court dismissed **with prejudice** all of Plaintiff's claims against Pauk and Plaintiff's punitive damages claim against the City. It also dismissed the remaining state claims against the City **without prejudice**, as the Court declined to retain supplemental jurisdiction over Plaintiff's remaining state law claims once it had dismissed all of the federal claims asserted by Plaintiff.

Plaintiff then refiled his claims against the City and Pauk in state court. Plaintiff, however, added a federal § 1983 claim against the City and Pauk. Accordingly, as Plaintiff was now asserting a federal claim against the City and Pauk, Defendants removed Plaintiff's state court case to this Court.

As such, the parties are now back in federal court, and Plaintiff is asserting claims that have been previously dismissed **with prejudice** by this Court. Defendants therefore move to dismiss all of Plaintiff's claims against Pauk and Plaintiff's claim for punitive damages against the City on the grounds that this Court dismissed those claims with prejudice in *Oertwich I*, such that they are barred by *res judicata*.

The City also moves to dismiss Plaintiff's claim for injunctive relief against the City. The complaint contains no facts describing the injunctive relief sought, the harm such relief is meant to address, the imminence of that harm, or why Plaintiff's harm is not reparable with money damages. In the absence of these factual allegations, Plaintiff has failed to state a claim for injunctive relief and that claim should also be dismissed.

**HOLLAND &
KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 2 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 2 of 16

## II. FACTS

### A. *Oertwich I*[1]

On March 26, 2019, Oertwich filed a complaint in this Court asserting claims against (i) the Traditional Village of Togiak and 14 individuals who are members of the Tribe and performed official duties on behalf of the Tribe (the "Tribal Defendants"), (ii) the State of Alaska's Department of Public Safety, (iii) the Village Public Safety Officer ("VPSO"), and the City.[2] Oertwich's claims were "rooted in the fact that the Tribe banished him from Togiak on the grounds that he brought alcohol into the village and Plaintiff nevertheless returned to the village."[3] The complaint alleged the Tribe issued an order banishing Oertwich from Togiak for being in possession of prohibited substances, that Oertwich was promptly placed on a plane out of Togiak, that Oertwich returned to Togiak the next day, that Oertwich was arrested by Tribal officers upon his return to Togiak, that Tribal officers then held Oertwich for several days in the Togiak jail under the

---

[1] Pursuant to Local Rule 7.3(d), Defendants have filed a stand-alone Request for Judicial Notice concurrently with this Motion. The only source of information used in this Motion other than the instant complaint are docket entries from an earlier District of Alaska case titled *Oertwich v. Traditional Village of Togiak et al.*, Case No. 3:19-cv-00082-JWS, and courts routinely take judicial notice of entries in prior related actions. All references to Exhibits in this Motion are references to Exhibits in the Request for Judicial Notice.

[2] Ex. 1, ¶¶ 1-23.

[3] Ex. 2 at 2.

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 3 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 3 of 16

supervision of Tribal members, and that Tribal members subsequently bound Oertwich and placed him on a plane out of the village.[4]

Plaintiff's complaint in *Oertwich I* asserted claims against the City for false imprisonment and negligent infliction of emotional distress.[5] Plaintiff did not assert any federal claims against the City in *Oertwich I*.[6]

Plaintiff's complaint in *Oertwich I* asserted federal and state law claims against the Tribal Defendants, including against Pauk in his capacity as a member of the Tribe.[7] The claims included false imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, battery, and "violation of the civil rights act."[8]

Plaintiff's complaint in *Oertwich I* alleged that the *Oertwich I* Court had federal question jurisdiction because of the federal claims being asserted against the Tribal Defendants, and supplemental jurisdiction over the remaining state law claims.[9] The *Oertwich I* complaint also included a request for punitive damages.[10]

On April 25, 2019, the City moved to dismiss Oertwich's claim for punitive damages against the City in *Oertwich I* on the grounds that punitive damages were not

---

[4] Ex. 1, ¶¶ 24-42.
[5] *Id*., ¶¶ 71-76
[6] *Id.*
[7] *Id.*, ¶¶ 52-70.
[8] *Id*.
[9] *Id*., ¶¶ 1-4.
[10] *Id.*, Request for Relief Section IV.

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 4 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 4 of 16

recoverable against the City as a matter of law.[11] Plaintiff did not oppose that motion, and on June 7, 2019, the *Oertwich I* Court dismissed Oertwich's claim for punitive damages against the City with prejudice.[12]

On May 28, 2019, the Tribal Defendants, including Pauk, moved to dismiss the claims against them on various immunity grounds.[13] That motion was granted on September 12, 2019, and the *Oertwich I* Court dismissed all of Plaintiff's claims against the Tribal Defendants, including Pauk, on tribal sovereign immunity grounds.[14] In its order, however, the *Oertwich I* Court noted that Pauk remained in the case to the extent that Oertwich was asserting claims against him in his former capacity as Mayor of Togiak.[15] The claims against Pauk in his capacity as Tribal member or official were dismissed with prejudice.[16]

With the dismissal of the claims against the Tribal Defendants, the only claims remaining in the case were state law claims. Accordingly, on September 23, 2019, the City asked the *Oertwich I* Court to decline to retain supplemental jurisdiction over the remaining

---

[11] Ex. 3.
[12] Ex. 4.
[13] Ex. 5.
[14] Ex. 2 at 15.
[15] *Id.*
[16] *Id.*

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 5 OF 16

state law claims against the City and to dismiss those state law claims without prejudice.[17] Plaintiff did not oppose that motion.

While the City had moved to dismiss without prejudice the purely state law claims asserted against it, Pauk remained in the case based on Plaintiff's suggestion that he was asserting some type of claim against Pauk in his capacity as an official of the City. Plaintiff's complaint in *Oertwich I*, however, did not contain any such allegations. Accordingly, on October 2, 2019, Pauk filed a motion for a more definite statement of Plaintiff's claims against Pauk.[18] Plaintiff did not oppose that motion.

While Pauk's motion for a more definite statement was pending, the Court granted the City's motion to dismiss without prejudice on October 24, 2019, but limited its dismissal to the City.[19] The *Oertwich I* Court ruled that "[a]ll plaintiff's claims against the City of Togiak are dismissed without prejudice to renewal in state court."[20]

Three days later, on October 27, 2019, the *Oertwich I* Court granted Pauk's motion for a more definite statement of Plaintiff's claims against Pauk.[21] Plaintiff was ordered to amend his complaint to assert with more specificity his claim against Pauk in his capacity as a City official.[22] Plaintiff, however, did not file an amended complaint in the time

---

[17] Ex. 6.
[18] Ex. 7.
[19] Ex. 8.
[20] *Id.*
[21] Ex. 9.
[22] *Id*.

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 6 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 6 of 16

ordered by the *Oertwich I* Court. Accordingly, on November 14, 2019 Pauk moved to dismiss all claims against him on the grounds that Plaintiff had been ordered to amend his complaint to assert a more definite claim against Pauk and had failed to do so.[23] Plaintiff did not oppose that motion.

On November 26, 2019, the *Oertwich I* Court entered final judgment dismissing Plaintiff's claims against the City without prejudice.[24]

On December 17, 2019, the *Oertwich I* Court granted Pauk's motion to dismiss, dismissing all of Oertwich's claims against Pauk with prejudice because Plaintiff had failed to comply with the Court's order and asserted a specific claim against Pauk.[25] The Court ruled "Defendant Teodoro Pauks motion to dismiss with prejudice at docket [60] has not been opposed. Upon review, the court finds the motion has merit. The motion at docket 60 is granted. Plaintiffs claims against Teodoro Pauk are dismissed with prejudice." Final judgment on all of Plaintiff's claims against Pauk with prejudice was then entered in *Oertwich I* on December 19, 2019.[26]

To summarize *Oertwich I*:

---

[23] Ex. 10.

[24] Ex. 11.

[25] Ex. 12. Pauk had also filed a motion to dismiss the claims against Pauk on the grounds that the Court should not continue to exercise supplemental jurisdiction over the state law claims against Pauk after the Court had dismissed the sole federal question claims in the case. Ex. 13. The Court denied that motion as moot given its dismissal with prejudice of Plaintiff's claims against Pauk. Ex. 14.

[26] Ex. 15.

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 7 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 7 of 16

- Plaintiff filed suit in federal court against the City and against Pauk in his capacity as both a member of the Tribe and as a former City official;[27]

- Plaintiff asserted only state law claims against the City in *Oertwich I* and sought punitive damages from the City;[28]

- The *Oertwich I* Court dismissed **with prejudice** Plaintiff's claim for punitive damages against the City;[29]

- The *Oertwich I* Court dismissed **without prejudice** Plaintiff's state law claims against the City;[30]

- The *Oertwich I* Court dismissed **with prejudice** all of Plaintiff's claims against Pauk, regardless of whether they were asserted against him in his capacity as a member of the Tribe or as a City official.[31]

## B. This Action

On December 23, 2019 Oertwich filed a new complaint in Alaska state court naming the City and Pauk as the sole defendants ("*Oertwich II*").[32] The complaint in *Oertwich II* alleges the same facts alleged in *Oertwich I*: Oertwich was banished from Togiak by the Tribe, he returned to Togiak the day after being banished, and the Tribe jailed Oertwich for several days after he returned to Togiak before restraining Oertwich and placing him on a plane out of the village.[33]

---

[27] Ex. 1.

[28] *Id*.

[29] Ex. 4.

[30] Ex. 8.

[31] Ex. 2; Ex. 12.

[32] *See generally*, Compl. [Dkt. 2-1].

[33] *Id.*, ¶¶ 7-19.

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 8 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 8 of 16

The *Oertwich II* complaint alleges five causes of action against the City and Pauk, four of which were alleged in *Oertwich I*: false imprisonment,[34] intentional infliction of emotional distress,[35] negligent infliction of emotional distress,[36] and battery.[37] Unlike *Oertwich I*, Plaintiff is now also alleging a claim under 42 U.S.C. § 1983 against the City and Pauk.

On January 28, 2020, Defendants removed *Oertwich II* to this Court pursuant to federal question and diversity jurisdiction.[38] The City and Pauk removed this case because, unlike *Oertwich I*, Plaintiff is now asserting a § 1983 claim against the City and Pauk, raising a federal question.[39] Moreover, given that Plaintiff's claims are now asserted solely against the City and Pauk, and Plaintiff is residing in Oregon, diversity jurisdiction was also established.[40]

To summarize:

- The *Oertwich I* Court dismissed **with prejudice** Plaintiff's claim for punitive damages against the City,[41] and Plaintiff has refiled that claim in *Oertwich II;* and

---

[34] *Id.*, ¶¶ 23-25.

[35] *Id.*, ¶¶ 29-32.

[36] *Id.*, ¶¶ 26-28.

[37] *Id.*, ¶¶ 33-35.

[38] *See* Dkt. 2.

[39] *Id*.

[40] *Id*.

[41] Ex. 4.

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 9 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 9 of 16

- The *Oertwich I* Court dismissed **with prejudice** all of Plaintiff's claims against Pauk, regardless of whether they were asserted against him in his capacity as a member of the Tribe or as a City official,[42] and Plaintiff has refiled claims against Pauk as a City official in *Oertwich II*.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss for Failure to State a Claim

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[43] Plausibility requires pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[44] "The complaint must provide more than labels and conclusions," and while the complaint's well-pleaded factual allegations are taken as true and all reasonable inferences must be drawn in the plaintiff's favor, "the trial court does not have to accept as true conclusory allegations . . . or legal claims asserted in the form of factual allegations."[45]

"Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion. However, a court may take judicial notice of matters of

---

[42] Ex. 2; Ex. 12.

[43] *Doe v. Yesner*, No. 3:19-cv-0136-HRH, 2019 WL 4196054, at *3 (D. Alaska Sept. 4, 2019) (quoting *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))) (internal brackets and quotations omitted).

[44] *Id.* (citations and quotations omitted).

[45] *Id.* (quoting *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

HOLLAND & KNIGHT LLP
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 10 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 10 of 16

public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute."[46]

## B. Res Judicata

Res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."[47] Identity of claims exists "when two suits arise from the same transactional nucleus of facts."[48] "Res judicata bars all grounds for recovery which could have been asserted in the prior action, whether they were or not."[49] "Although res judicata is an affirmative defense, it may be raised in a Rule 12(b)(6) motion to dismiss."[50]

## C. Injunctive Relief

A plaintiff "bears the burden of showing that he has standing for each type of relief sought."[51]

> To seek injunctive relief, a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly

---

[46] *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal quotations and citations omitted).

[47] *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

[48] *Id.* (internal quotations and citation omitted).

[49] *Keene v. Morgan Stanley*, No. 2:04-cv-2564-RRB-DAD, 2008 WL 2113387, at *2 (D. Alaska May 16, 2008).

[50] *Exxon Mobil Corp. v. Polar Equip., Inc.*, No. 3:07-cv-0224-HRH, 2008 WL 11340305, at *4 (D. Alaska Nov. 18, 2008).

[51] *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 11 OF 16

traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.[52]

A plaintiff must also plead that "there exists no speedy remedy at law."[53]

## IV. DISCUSSION

### A. Oertwich's Claims Against Pauk are Barred by Res Judicata

Oertwich's claims against Pauk unequivocally meet the 3-part test for res judicata. Privity of the parties is met because the same plaintiff, Oertwich, is suing the same defendant, Pauk.[54]

*Oertwich I* and the current action also share identity of claims because the events at issue in both actions are the same. In both actions Oertwich premises his claims and injuries on his banishment from Togiak, his return to Togiak, and his subsequent jailing and re-banishment.[55] The two actions do more than share a common nucleus of facts—they share identical facts. This more than satisfies the identity requirement.[56]

---

[52] *Id.*

[53] *Harpole v. U.S.*, No. A00-0176-CV (HRH), 2000 WL 1868952, at *5 (D. Alaska Nov. 3, 2000) ("This court may only grant relief in equity when there exists no speedy remedy at law.").

[54] *See* Section II, *supra*. Pauk was sued in identical capacities in *Oertwich I* and the instant action. *Compare* Ex. 1 at 1 (sued in individual and official capacities) *with* Compl. at 1 (same). *See Crowley v. Boothe*, No. 3:13-cv-00106-TMB, 2015 WL 13298570, at *3 (D. Alaska Feb. 27, 2015) (assessing res judicata capacity-by-capacity); *see also Conitz v. Teck Alaska Inc.*, No. 4:09-cv-0020-RRB, 2009 WL 10677762, at *2 (D. Alaska Nov. 19, 2009) (res judicata applied when same plaintiff sued same defendants in two actions).

[55] *See* Section II, *supra*.

[56] *See, e.g.*, *Crowley*, 2015 WL 13298570, at *3-4 (identity requirement satisfied when gist of both complaints premised on same alleged misconduct); *see also Conitz*, 2009 WL 10677762, at *2 (same).

**HOLLAND & KNIGHT LLP**

420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 12 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 12 of 16

Finally, the Court in *Oertwich I* reached a final decision on the merits of Oertwich's claims against Pauk. The claims against Pauk as an individual and member of the Tribe were dismissed on sovereign immunity grounds after a fully-briefed round of motion practice.[57] The claims against Pauk in all other capacities were dismissed with prejudice after Oertwich ignored a court order to provide Pauk with a more definite statement.[58] The Court subsequently entered final judgment in Pauk's favor,[59] clearly satisfying the requirement for a final judgment on the merits.[60] Therefore, all of Plaintiff's claims against Pauk, whether in his capacity as a Tribal member or officer or in any other capacity, are barred by res judicata and should be dismissed (again).

### B. Oertwich's Claim Against the City for Punitive Damages is Barred by Res Judicata

Oertwich's claim for punitive damages against the City in both this case and *Oertwich I* also share privity of parties and identity of claims for the same reasons discussed above in the context of Pauk: the parties, subject matter, and underlying facts of both cases are identical. Oertwich's claim for punitive damages against the City was

---

[57] *See* Ex. 2 at 10-13, 15.

[58] Ex. 12.

[59] Ex. 13.

[60] *See Miller v. Wright*, No. 3:11-cv-05395 RBL, 2011 WL 4712245, at *4-5 (W.D. Wa. Oct. 6, 2011) (dismissal on sovereign immunity grounds supported res judicata) (*aff'd* by 705 F.3d 919, 928 (9th Cir. 2013) ("the district court also correctly concluded that res judicata bars this action")); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006) (dismissal with prejudice as sanction qualified as judgment on merits, noting "[f]ederal law dictates that a dismissal with prejudice bars a later suit under res judicata").

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 13 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 13 of 16

dismissed with prejudice in *Oertwich I* because punitive damages are not available against the City as a matter of law, and the Court subsequently entered final judgment in the City's favor.[61] The requirement for a final judgment on the merits is therefore satisfied as well.[62] Oertwich's claim for punitive damages against the City is barred by res judicata and should be dismissed (again).

## C. Oertwich Fails to State a Claim for Injunctive Relief

Oertwich's complaint requests "[i]njunctive relief against City of Togiak" without further explanation.[63] Each of the five causes of action Oertwich brings against the City is premised solely on the City's alleged role in allowing the Tribe to hold Oertwich in jail and remove him from the town.[64] The complaint does not specify how any of Oertwich's injuries are capable of repetition, how any of those injuries are in imminent danger of being repeated, how his injuries are not reparable with money damages, or how an injunction

---

[61] Exs. 3, 4, and 11.

[62] *See Stewart v. United States Bancorp.*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies.") (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).

[63] Compl., Request for Relief Section III.

[64] *See id.*, ¶¶ 23-25 (alleging false imprisonment because Defendants "knew or should have known they had no lawful basis to permit the [Tribe] to imprison Oertwich"); ¶¶ 26-28 (alleging negligent infliction of emotional distress because Defendants "permitted [the Tribe to] unlawfully imprison him"); ¶¶ 29-32 (alleging intentional infliction of emotional distress because Defendants "permitt[ed] him to remain imprisoned at the City of Togiak jail"); ¶¶ 33-35 (alleging battery because the City's "jailers tackled him in the jail cell, bound him, and forcibly put him onto an airplane"); ¶¶ 36-39 (alleging a violation of 42 U.S.C. § 1983 because Defendants "unlawfully imprisoned Oertwich").

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS        PAGE 14 OF 16
FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 14 of 16

against the *City* could possibly stop the *Tribe* from enforcing its banishment order against Oertwich.  In the absence of pleading the imminence of a repeatable injury, the City's ability to redress that injury, and the irreparability of his harm, Oertwich has not stated a claim for injunctive relief and dismissing his request for that relief is appropriate.[65]

## V. CONCLUSION

For the foregoing reasons, Defendants request immediate dismissal with prejudice of: (1) all claims against Pauk; (2) Plaintiff's claim for punitive damages against the City; and (3) Plaintiff's claim for injunctive relief against the City.

DATED at Anchorage, Alaska this 3rd day of February, 2020.

>  HOLLAND & KNIGHT LLP
>  Attorneys for Defendants
>
>  By: */s/ Christopher J. Slottee*
>  Matthew Singer (ABA No. 9911072)
>  Christopher J. Slottee (ABA No. 0211055)
>  420 L Street, Suite 400
>  Anchorage, Alaska 99502
>  Telephone: (907) 263-6300
>  Facsimile: (907) 263-6345
>  matt.singer@hklaw.com
>  christopher.slottee@hklaw.com

---

[65] *See Doe v. Yesner*, 2019 WL 4196054, at \*6 (D. Alaska Sept. 4, 2019) (holding "[p]laintiffs have inadequately pled a claim for injunctive relief" because plaintiffs "ha[d] not demonstrated a reasonable likelihood of future injury" and had merely "ma[de] an amorphous request for injunctive relief"); *Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF, 2017 WL 3838453, at \*12 (N.D. Cal. Sept. 1, 2017) (granting motion to dismiss claim for injunctive relief in part because "[p]laintiffs . . . cannot show that they will be injured . . . again . . . and that the future injury can be redressed by injunctive relief"); *Harpole v. U.S.*, 2000 WL 1868952, at \*5 (D. Alaska Nov. 3, 2000) ("Plaintiff also fails to state a claim with respect to equitable and injunctive relief. This court may only grant relief in equity when there exists no speedy remedy at law. Here, plaintiff has a remedy at law . . . .").

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 15 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 15 of 16

## CERTIFICATE OF SERVICE

I certify that on February 3, 2020, a true and correct copy of the foregoing document was served via the Court's CM/ECF electronically on the following counsel of record::

>Andy Pevehouse, ABA 0711099
>Gilman & Pevehouse
>130 South Willow Street, #3
>Kenai, AK 99611
>Email: alpevehouse@acsalaska.net

*/s/Christopher J. Slottee*

**HOLLAND & KNIGHT LLP**
420 L Street, Suite 400
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
*OERTWICH V. CITY OF TOGIAK, ET AL.*
CASE NO. 3:20-CV-00018-SLG

PAGE 16 OF 16

Case 3:20-cv-00018-SLG   Document 8   Filed 02/03/20   Page 16 of 16