UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| RONALD OERTWICH, | ) | |
| | ) | |
| Plaintiff, | ) | 3:20-cv-00018 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| TRADITIONAL VILLAGE OF TOGIAK and TEODORO PAUK, in his individual and official capacities, | ) ) ) ) | [Re: Motion at docket 7] |
| Defendants. | ) ) | |

## I. MOTION PRESENTED

At docket 7, Defendants City of Togiak ("the City") and Teodoro Pauk ("Pauk," collectively, "Defendants") filed a motion to dismiss pursuant to Rule 12(b)(6). They ask that the court dismiss the following: 1) all claims against Pauk; (2) the claim for punitive damages against City; and (3) the claim for injunctive relief against the City. Plaintiff Ronald Oertwich ("Plaintiff") did not file a response. Oral argument was not requested and would not be of assistance to the court.

## II. BACKGROUND

This lawsuit is the second one Plaintiff has brought against Defendants. The first one was filed last year: *Oertwich v. Traditional Village of Togiak, et al.*, Case No. 3:19-cv-0082 ("*Oertwich I*"). In that case, Plaintiff sued the Traditional Village of Togiak and

members of the tribe, the City, and Pauk, in his capacity as a tribal member and in his former capacity as mayor of the City.[1] His complaint alleged that he was banished from Togiak by the tribe for bringing alcohol into the village, and when he tried to return he was arrested and held in jail before being sent out of Togiak again. The Court dismissed the claims in multiple orders:

(1) at docket 40, it dismissed the claims against the Traditional Village of Togiak and tribal members, including Pauk, based on immunity issues;

(2) at docket 24, it dismissed the claim for punitive damages against the City;

(3) at docket 75, it dismissed any remaining claims against Pauk.

(4) at docket 52, it dismissed all state law claims against the City, but without prejudice to filing in state court.

Plaintiff then filed this lawsuit in state court, bringing various state law claims against the City and Pauk. The lawsuit is based on the same set of facts related to his banishment and arrest. His complaint also includes a § 1983 claim against the City and Pauk for unlawful seizure. Defendants removed the case to federal court based on the inclusion of the federal claim and based on diversity of citizenship, as Plaintiff now lives in Oregon.

Defendants ask that the court dismiss: (1) all claims against Pauk; (2) the claim for punitive damages against City; and (3) the claim for injunctive relief against the City. They argue that, based on the prior lawsuit, Plaintiff is barred from relitigating his claims against Pauk and his claim for punitive damages against the City. As to his claim for

---

[1]The court has taken judicial notice of the filings in *Oertwich I*. *See* Doc. 15.

injunctive relief, Defendants argue that such a claim as not been adequately pled and is subject to dismissal. Plaintiff failed to respond.

## III. STANDARDS OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[2] To be assumed true, the allegations, "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[3] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[4] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[5]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] "The plausibility standard is not akin to a

---

[2]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[3]*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[4]*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[5]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[6]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7]*Id.*

-3-

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[8]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[9]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[10]

## IV.  DISCUSSION

Defendants argue that all claims against Pauk are barred by principles of res judicata given the outcome of *Oertwich I*.  Res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."[11]  Identity of claims exists "when two suits arise from the same transactional nucleus of facts."[12]  All of the claims against Pauk fit these three criteria.  Plaintiff is again suing Pauk based on the same alleged misconduct, and the court already dismissed and entered judgment on those claims with prejudice.[13]

The same is true with regard to Plaintiff's claim for punitive damages against the City.  Plaintiff is suing the City for punitive damages based on the same alleged

---

[8]*Id.* (citing *Twombly*, 550 U.S. at 556).

[9]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[10]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[11]*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

[12]*Id.* (internal quotation marks omitted).

[13]*See* doc. 9-2 (*Oertwich I* at doc. 40); docs. 9-12, 9-15 (*Oertwich I* at docs. 75, 77).

misconduct, but the court already determined that he may not do so as a matter of law.[14]

Defendants also move to dismiss Plaintiff's claim for injunctive relief against the City. All of Plaintiff's claims against the City are premised on its role in allowing the tribe to hold Plaintiff in jail and remove him from the City. In his request for relief, he states that he seeks "[i]njunctive relief against [the City]," without any further explanation.[15] When seeking injunctive relief, the plaintiff must show the threat of a "concrete and particularized" injury that is "actual and imminent" and linked to the alleged misconduct of the defendant.[16] It must be shown that a favorable judicial decision will prevent or redress the injury.[17] As noted by the Defendants in their motion, "[Plaintiff's] complaint does not specify how any of [his] injuries are capable of repetition, how any of those injuries are in imminent danger of being repeated, how his injuries are not reparable with money damages, or how an injunction against the City could possibly stop the Tribe from enforcing its banishment order against [him]."[18] Plaintiff's "amorphous request for injunctive relief" is inadequate to state a claim.[19] Plaintiff, by not filing a response to the motion, has not argued that the defects can be cured or that he plans to file an amended complaint.

---

[14]Doc. 9-4 (*Oertwich I* at doc. 24).

[15]Doc. 2-1 at p. 7.

[16]*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

[17]*Id.*

[18]Doc. 8 at pp. 14-15.

[19]*See Doe v. Yesner*, 2019 WL 4196054, at *6 (D. Alaska Sept. 4, 2019).

## V. CONCLUSION

Based on the preceding discussion, Defendants' motion at docket 7 is GRANTED. All claims against Pauk are dismissed. The claims for punitive damages and injunctive relief against the City are dismissed.

DATED this 9th day of March, 2020.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT