IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD OERTWICH,<br><br>              Plaintiff,<br><br>  vs.<br><br>CITY OF TOGIAK,<br><br>              Defendant. | Case No. 3:20-cv-00018-JWS<br><br>**ORDER ON MOTION AT DOCKET 42** |

### I. MOTION PRESENTED

At docket 42, Defendant City of Togiak (the "City") filed its second motion for summary judgment after the court denied its first motion without prejudice in order to allow Plaintiff Ronald Oertwich ("Plaintiff" or "Oertwich") the chance to conduct discovery on the role of other City employees and/or City policies in the events at issue in this case. The City's supporting memorandum is at docket 43. It filed a factual supplement at docket 53. Plaintiff filed his opposition at docket 54, with a supporting memorandum filed at docket 55. The City filed a reply at docket 58. Oral argument was requested but would not be of additional assistance to the court.

### II. BACKGROUND

This lawsuit is the second one Plaintiff has brought against the City and the City's co-defendant Mr. Teodoro Pauk ("Pauk"), who was the mayor of the City at the time of the events at issue and who has had all claims against him dismissed in the

court's prior order at docket 16. The first lawsuit was filed in 2019: *Oertwich v. Traditional Village of Togiak, et al.*, Case No. 3:19-cv-0082 ("*Oertwich I*"). In that case, Plaintiff sued not only the City and Pauk, but also the Traditional Village of Togiak and some of its members. The Traditional Village of Togiak (the "Tribe"), located within the City, is a federally recognized tribe with about 800 members and governed by a Tribal Council with its own police force and tribal court system. The City has a jail facility, but at the time of the incident at issue here there was no municipal police force. The City did, however, employ a Village Patrol Officer at the time, a position distinct from the Village Public Safety Officer ("VPSO") stationed in Togiak through the Alaska Department of Public Safety, State Trooper VPSO program.

Both lawsuits stem from events that occurred after the tribal court issued an order banishing Oertwich for bringing alcohol into the village contrary to tribal code. Plaintiff was flown out of Togiak by the Tribe, and when he tried to return the next day, he was arrested by a tribal police officer with the presence of the VPSO and placed in the City's jail for six days, where he had restricted access to food, communication, medicine, and basic hygiene. He sued the Tribe, tribal officers and members, Pauk in his capacity as a tribal member and in his capacity as the City's mayor, the City, and Alaska's Department of Public Safety. The court dismissed his claims pursuant to various motions brought by the defendants. It dismissed the claims against Alaska's Department of Public Safety and the claims against the Tribe and its tribal members, including Pauk in his capacity as a tribal member, based on immunity issues. It dismissed the claim for punitive damages against the City. As for the remaining claims

*Oertwich v. City of Togiak, et al.*            Case No. 3:20-cv-00018-JWS
Order on Motion at Docket 42            Page 2
Case 3:20-cv-00018-JWS    Document 61    Filed 08/05/21    Page 2 of 12

against Pauk in his capacity as the City's mayor, Plaintiff failed to respond to the various motions brought by Pauk, including his motion to dismiss, and, as a result of this failure to litigate and provide a more definitive statement of the allegations as ordered, the court dismissed the claims against Pauk.[1] At the City's request, the court then dismissed the remaining state law claims against the City, declining supplemental jurisdiction over such claims.

Plaintiff then filed this lawsuit against the City and Pauk in state court, bringing state tort claims against them based on the same set of facts. His new complaint added a § 1983 claim against the City and Pauk for unlawful seizure under the Fourteenth Amendment. Defendants removed the case back to federal court based on the inclusion of the federal claim and on diversity of citizenship, as Plaintiff now lives in Oregon.

At docket 7, the City and Pauk asked the court to dismiss all claims against Pauk and the request for punitive damages against the City based on principles of res judicata given the outcome of *Oertwich I*. They also requested that the claim for injunctive relief against the City be dismissed for failure to adequately state a claim. Plaintiff never responded. The court granted the motion to dismiss at docket 16.

---

[1] *Oertwich I*, case No. 3:19-cv-0082, Doc. 75. Plaintiff failed to respond to Pauk's motion for a more definitive statement at docket 48. Finding that the request had merit and given Plaintiff's failure to respond, the court directed Plaintiff to file an amended complaint with a more definitive statement of the allegations and claims against Pauk. Plaintiff did not file an amended complaint. Pauk then filed a motion to dismiss for failure to provide the more definitive statement of allegations against him. Plaintiff again failed to respond to the motion. The court therefore dismissed the complaint against Pauk with prejudice at docket 75. Judgment was entered at docket 77. Plaintiff did not file any subsequent request in relation to Pauk in that case, nor did he appeal that particular judgment (see docket 85).

*Oertwich v. City of Togiak, et al.*  Case No. 3:20-cv-00018-JWS
Order on Motion at Docket 42  Page 3
Case 3:20-cv-00018-JWS   Document 61   Filed 08/05/21   Page 3 of 12

There were five remaining claims pending against the City: (1) false imprisonment; (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress; (4) battery; and (5) unlawful seizure under 42 U.S.C. § 1983. At docket 24, the City filed a motion for summary judgment, although, at the time it filed the motion, discovery had not taken place. The parties subsequently agreed to a modification of the scheduling order, pushing the discovery deadlines out to the summer of 2021.[2] Rather than provide the necessary evidence to withstand summary judgment, Plaintiff requested deferral of the motion to allow him to complete discovery as to "the process by which the city allowed tribal police to incarcerate [him] in the city jail" and "the policy, customs, and practices regarding the use of the Togiak City jail by the Togiak Tribal Police."[3] At docket 39, the court denied the motion for summary judgment without prejudice to renew, giving Plaintiff time to conduct further discovery that would develop his claims against the City apart from the conduct of Pauk.

After the completion of discovery, the City filed this motion for summary judgment, arguing that there are no newly developed facts from which Plaintiff can sustain a valid claim against the City. Plaintiff filed a partial opposition, conceding the dismissal of his state law claims for negligent infliction of emotional distress, intentional infliction of emotional distress, and battery but opposing summary judgment on his state law wrongful imprisonment claim and his federal § 1983 claim.

---

[2] Doc. 30.
[3] Doc. 31-1 at 2, 4.

*Oertwich v. City of Togiak, et al.*        Case No. 3:20-cv-00018-JWS
Order on Motion at Docket 42        Page 4
Case 3:20-cv-00018-JWS   Document 61   Filed 08/05/21   Page 4 of 12

## III. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] The materiality requirement ensures that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[5] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6] However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[8] Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[9] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[10] All evidence presented by the non-movant must be believed for purposes of

---

[4] Fed. R. Civ. P. 56(a).
[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[6] *Id.*
[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[8] *Id.* at 323.
[9] *Id.* at 323–25.
[10] *Anderson,* 477 U.S. at 248–49.

*Oertwich v. City of Togiak, et al.*      Case No. 3:20-cv-00018-JWS
Order on Motion at Docket 42      Page 5
Case 3:20-cv-00018-JWS    Document 61    Filed 08/05/21    Page 5 of 12

summary judgment and all justifiable inferences must be drawn in favor of the non-movant.[11] However, the non-moving party may not rest upon mere allegations or denials but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[12]

## IV. DISCUSSION

As noted in the court's previous order at docket 39, Plaintiff's state claim for wrongful imprisonment cannot be premised on vicarious liability for Pauk's actions. Plaintiff's failure to litigate his claims against Pauk in *Oertwich I* led to a dismissal, which he did not appeal.[13] Res judicata principles required that the claims against Pauk be dismissed in this lawsuit. As to the state law claims against the City, because it can only act through its officials and employees and can only be liable to the extent there is underlying tortious conduct on the part of their officials,[14] dismissal of Pauk requires dismissal of the City to the extent the claims are premised on Pauk's actions.[15] The Court provided Plaintiff time to determine whether other City officials played a role in his imprisonment.

Plaintiff now relies on the presence of City Village Patrol Officer, Gregory Eversole, as a basis for imposing liability on the City. He argues that Eversole was in

---

[11] *Id.* at 255.
[12] *Id.* at 248–49.
[13] *Oertwich I*, Case No. 3:19-cv-0082, at doc. 85.
[14] *DeNardo v. Barrans*, 59 P.3d 266, 270, 270 n.21 (Alaska 2002).
[15] *Id.*

*Oertwich v. City of Togiak, et al.*     Case No. 3:20-cv-00018-JWS
Order on Motion at Docket 42     Page 6
Case 3:20-cv-00018-JWS     Document 61     Filed 08/05/21     Page 6 of 12

fact a City employee and that Eversole was at the jail in the evenings "to assist the tribal police and his guards."[16] He points to conflicting accounts of how often Eversole was at the jail and argues that this type of factual dispute precludes summary judgment.

It is undisputed that Eversole was employed by the City during the incident at issue in this case. He testified that he had the authority to arrest people and otherwise enforce the City's ordinances or state statutes.[17] He had access to the City's jail.[18] It is undisputed that Eversole reported to the jail for his shift on the evening of March 28, 2017, when Plaintiff had been arrested and detained, and that he was present the first night of Plaintiff's incarceration.[19] There is conflicting testimony as to whether he thereafter refrained from going to the jail during Plaintiff's incarceration, as instructed by Pauk, or whether he continued to be present at the jail in the evenings.[20] The dispute, however, does not create a material issue of fact precluding summary judgment on the issue of false imprisonment because, even assuming that Eversole was in fact present at the jail multiple evenings, there is no evidence to support that he engaged in any actionable conduct.

Wrongful imprisonment is defined as restraint without legal authority.[21] It involves some affirmative conduct that causes confinement or the failure to release

---

[16] Doc. 55 at 14.
[17] Doc. 55-9 at 3–4.
[18] *Id.* at 7.
[19] *Id.* at 8.
[20] Doc. 55-10 at 7–8.
[21] *Waskey v. Mun. of Anchorage*, 909 P.2d 342, 345 (Alaska 1996).

*Oertwich v. City of Togiak, et al.*  Case No. 3:20-cv-00018-JWS
Order on Motion at Docket 42  Page 7
Case 3:20-cv-00018-JWS   Document 61   Filed 08/05/21   Page 7 of 12

someone in confinement upon a duty to do so.[22] The evidence presented, even viewed in the light most favorable to Plaintiff, shows Eversole played no role in Plaintiff's confinement. Tribal officer Leroy Nanalook arrested Plaintiff and VPSO Roger Wassillie was present during the arrest and when Nanalook took him into the jail.[23] VPSO Wassillie had his office in the City's jail and therefore had access to it, as well as to a list of individuals who could be called by the VPSO to serve as jail guards when needed.[24] Plaintiff named all the individuals who he considered his "jailors." Eversole was not one of the named individuals.[25] Plaintiff testified that tribal officer Nanalook and VPSO Wassillie were giving orders to the individuals acting as guards.[26] Plaintiff's own deposition testimony confirms that Eversole was merely "present" at the jail.[27] Furthermore, there is no evidence to support the finding that Eversole was under a duty to release Plaintiff or otherwise informed by his supervisor, Pauk, to release him. Given these undisputed facts, there is no underlying conduct on the part of Eversole for which the City could be vicariously liable, nor could vicarious liability attach based on the acts of the individuals Plaintiff identified as his jailors, as none of them worked for the City.[28]

---

[22] RESTATEMENT (SECOND) OF TORTS §§ 35(1)(b), 45.
[23] Doc. 55-4 at 3; doc. 43-3 at 13–14.
[24] Doc. 55-3 at 4; doc. 43-1 at 2; doc. 43-2 at 11.
[25] Doc. 43-3 at 15–16, 19.
[26] *Id.* at 17.
[27] *Id.* at 15.
[28] Doc. 43-1 at 2.

*Oertwich v. City of Togiak, et al.*     Case No. 3:20-cv-00018-JWS
Order on Motion at Docket 42     Page 8
Case 3:20-cv-00018-JWS    Document 61    Filed 08/05/21    Page 8 of 12

To the extent Plaintiff seeks to pursue his wrongful imprisonment claim on the decisions City officials made with regard to the Tribe's use of the jail—assuming that could in fact support a wrongful imprisonment claim—discovery efforts failed to produce anything that would make his claim viable against the City. There are some conflicting facts as to how the Tribe was able to access and use the City's jail. Pauk testified that he did not authorize the use of the jail prior to the Tribe's detention of Plaintiff and that he asked tribal officials to move Plaintiff elsewhere and sought assistance from the State Troopers but those requests went unheeded. He then instructed City employees not to get involved.[29] Indeed, VPSO Wassillie, who accompanied officer Nanalook during Plaintiff's arrest and detention, had access to the jail and therefore no City employee was necessarily involved in the detention. The City Administrator at that time, however, testified that Pauk had in fact verbally given the Tribe permission to use the jail at the time of Plaintiff's detention but afterward instructed City employees to refrain from any interaction or involvement with the situation.[30] Those disputes are not material because, at most, viewing the evidence in favor of Plaintiff, Pauk was the City official who authorized Tribe's use of the jail in that particular instance. There was no other City official involved in the decision or implementation. Thus, at most, the underlying conduct that indirectly led to the Tribe's use of the jail to detain Plaintiff stems from Pauk, who has been dismissed based on

---

[29] Doc. 53-1.
[30] Doc. 55-7 at 14–15.
*Oertwich v. City of Togiak, et al.*  
Order on Motion at Docket 42

Case No. 3:20-cv-00018-JWS  
Page 9

the preclusive effect of Plaintiff's claims in *Oertwich I*. As a result, there can be no liability attached to the City based on Pauk's actions.[31]

Plaintiff's § 1983 claim based on unlawful seizure similarly fails. Plaintiff requested more time to conduct discovery to identify the interplay between the City's jail and the tribal police. Indeed, as the court noted in its prior order, a § 1983 claim against the City must be premised on a policy that caused the unlawful conduct.[32] Plaintiff has no evidence that the City had any policy in place, whether formal or informal. At most, based on the testimony of the City Administrator at the time, the evidence shows that Pauk simply agreed in the moment to allow the Tribe to use the City's jail to detain Plaintiff, but otherwise refrained from any City involvement. Plaintiff now argues that because Pauk was the final policymaking authority whose decisions represented official policy on the matter, his § 1983 *Monell* claim can in fact proceed.[33] Again, however, claims based on Pauk's actions are barred under res judicata, which "precludes the litigation of any claims that were raised or could have

---

[31] *DeNardo*, 59 P.3d at 270.

[32] To establish liability for a government entity under a § 1983 *Monell* claim, a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that the policy amounts to a deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

[33] To establish a policy sufficient for *Monell* liability a plaintiff must show a constitutional violation stemming from (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a final policymaker. *Delia v. City of Rialto*, 621 F.3d 1069, 1081–82 (9th Cir. 2010). A final policymaker is an authority whose actions may be said to represent official policy in the area of decision. *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

*Oertwich v. City of Togiak, et al.*  Case No. 3:20-cv-00018-JWS
Order on Motion at Docket 42  Page 10
Case 3:20-cv-00018-JWS   Document 61   Filed 08/05/21   Page 10 of 12

been raised in a previous lawsuit."[34] The elements needed for res judicata are present here: (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between the parties.[35] It is clear now that discovery is complete that Plaintiff's § 1983 claim is in fact solely tied to Pauk's actions and thus clearly arises from the same set of facts as the claims against Pauk in *Oertwich I*. The dismissal of the claims against Pauk in *Oertwich I* was with prejudice based on Plaintiff's failure to prosecute, which operates as an adjudication on the merits.[36] The City and Pauk are clearly in privity here.[37] As noted by the City in its reply brief, "[Plaintiff] had every opportunity to litigate his claims based on Pauk's directive regarding Oertwich and the Tribe's use of the jail."[38] His failure to properly pursue that claim cannot be remedied through this subsequent lawsuit.

Moreover, the evidence fails to show how the use of the City's jail was the "moving force" behind the unlawful seizure, as is required to support a § 1983 violation.[39] There is no evidence to suggest that the Tribe would not have arrested and detained Oertwich if the City had not permitted the use of its jail or that the Tribe

---

[34] *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Contrary to Plaintiff's argument in his response brief, the court made no ruling as to the merits of the City's res judicata argument on the § 1983 claim; rather, it allowed Plaintiff to pursue facts as to the interplay between the City's jail facility and the tribal police to better articulate his *Monell* claim against the City.
[35] *Id.* at 713.
[36] *Id.* at 714.
[37] See *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 691 (9th Cir. 2007) (stating that "when two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other").
[38] Doc. 58 at 10.
[39] *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013).

*Oertwich v. City of Togiak, et al.* Case No. 3:20-cv-00018-JWS
Order on Motion at Docket 42 Page 11
Case 3:20-cv-00018-JWS Document 61 Filed 08/05/21 Page 11 of 12

would have been unable to detain Oertwich elsewhere in the absence of access to the jail.

## V. CONCLUSION

Based on the preceding discussion, the motion at docket 42 is GRANTED. Plaintiff's claims against the City are dismissed with prejudice.

IT IS SO ORDERED this 5th day of August, 2021, at Anchorage, Alaska.

*/s/ John W. Sedwick*
JOHN W. SEDWICK
Senior United States District Judge